FILED
2026 Feb-09 AM 11:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

PRO HAC VICE COUNSEL

Sergey Risko, Esq.
Risko Law Group, PLLC
227 West Street, Suite 2121
Brooklyn, NY 11222
(718)-757-7734
riskolawgroup@gmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

GIORGI TOSHKHUA,

Petitioner,

v.

BARRY SMITH, the Warden of Etowah County Detention Center, MELLISSAHARPER, the ICE Field Office Director, KRISTI NOEM, the Secretary of the Departmentof Homeland Security, TODD M. LYONS, the Acting Director of U.S. Immigration and Customs Enforcement (ICE), PAMELA BONDI, the Attorney General of the United States

Defendants

Civil Action No.26-cm-5000

A#241-704-914

**PETITION FOR WRIT OF HABEAS CORPUS**
**UNDER 28 U.S.C. § 2241**

## INTRODUCTION

1. Petitioner Giorgi Toshkhua ("Petitioner") is a citizen of Georgia who entered the United States without inspection on September3, 2022. He fled persecution on account of his political opinion and torture convention and has resided in the United States since that time.

2. Petitioner is a truck driver. On February 4, 2026, Petitioner entered a weight station while operating his commercial vehicle. Personnel at the Tennessee Department of Transportation contacted U.S. Immigration and Customs Enforcement (ICE), and Petitioner was subsequently arrested by ICE officers at the weight station. The arrest was conducted without a warrant, without prior notice, and without any individualized assessment of risk.

3. Petitioner is married to a United States citizen who is currently pregnant, and he is the sole financial provider for his household. Since his release into the interior of the United States, Petitioner has complied with all immigration requirements, timely filed an application for asylum, and has a pending asylum application with U.S. Citizenship and Immigration Services ("USCIS"). He has worked lawfully, paid taxes, and complied with all conditions imposed by immigration authorities.

4. He seeks immediate release from the custody of the U.S. Department of Homeland Security ("DHS") and its component, ICE, because his arrest and

continued detention are unlawful, unconstitutional, and unsupported by any individualized determination of necessity.

## JURISDICTION

5. This action arises under the Constitution, laws, and treaties of the United States, including 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the Constitution (the Suspension Clause). Relief is also authorized by the All Writs Act, 28 U.S.C. § 1651, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

6. Federal courts retain habeas jurisdiction to review the legality of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Hensley v. Municipal Court*, 411 U.S. 345 (1973); *Martinez v. Clark*, 144 S. Ct. 1339 (2024). Petitioner is "in custody" within the meaning of § 2241 while confined at Etowah County Jail, 827 Forrest Avenue, Gadsden, Alabama 35901.

## VENUE

7. Venue is proper in this District because, at the time this Petition was filed, the Warden of Etowah County Jail exercised custody and control over Petitioner. See *Farez-Espinoza v. Chertoff*, 600 F. Supp. 2d 488, 495 (S.D.N.Y. 2009).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. There is no statutory exhaustion requirement applicable to petitions brought under 28 U.S.C. § 2241. *McCarthy v. Madigan*, 503 U.S. 140 (1992); *Laing v. Ashcroft*, 370 F.3d 994 (9th Cir. 2004).

9. Even if exhaustion were required, it should beexcusedbecause:

(a) ICE's revocation of supervision is not meaningfully reviewable; (b) continued detention causesongoing and irreparable constitutional harm; and

(c) Petitioner challenges theconstitutionality of the detention framework itself. See *Hardy v. Fischer*, 701 F. Supp. 2d 614, 619 (S.D.N.Y. 2010).

10. Following Petitioner's arrest, ICE did not set bond, and Petitioner is categorically barred from obtaining custody review by an Immigration Judge under the Board of Immigration Appeals' decision in the *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Accordingly, no administrative avenue exists through which Petitioner may seek review of his arrest and detention, rendering exhaustion futile. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.) (as amended) (judicial exhaustion may be excused when "available remedies provide no genuine opportunity for adequate relief" or exhaustion "would be futile" (internal citation omitted)).

## PARTIES

11.Petitioner Giorgi Toshkhua is a citizen of Georgia, born March 11, 1998. Heis now detained at Etowah County Jail, 827 Forrest Avenue, Gadsden, AL 35901.

12. Respondent Barry Smith is the Warden of Etowah County Jail and was the Petitioner's immediate custodian at the time this habeas petition was filed.

13. Respondent Mellissa Harper is the ICE Field Office Director, and oversees immigration enforcement and removal operations within Alabama, Louisiana, Arkansas, Mississippi and Tennessee.

14. Respondent Kristi Noem is Secretary of the Department of Homeland Security and oversees ICE.

15. Respondent Todd M. Lyons is the Acting Director of U.S. Immigration and Customs Enforcement (ICE).

16. Respondent Pamela Bondi is the Attorney General of the United States.

## STATEMENT OF FACTS

17.Petitioner Giorgi Toshkhua ("Petitioner") is a citizen of Georgia who, fleeing persecution on account of his political opinion, entered the United States without inspection on September3, 2022, to seek asylum. Afterwards, he was released from ICE custody.

18.Petitioner timely filed an application for asylum with the USCIS based on persecution on account of his political opinion, which remains pending.

19.Petitioner is married to a United States citizen who is currently pregnant. He is the sole financial provider for his household, and his detention has caused immediate and severe hardship to his family, including the loss of income and medical instability during a high-risk period of pregnancy.

20.Since his entry into the United States, Petitioner has fully complied with all immigration procedures. He has never absconded or violated any condition of release.

21.Petitioner has no criminal history.

22.On February 4, 2026, Petitioner was arrested by ICE officers at a weight station in Tennessee without a warrant, without prior notice, and without any individualized assessment of risk.

23.Therefore, Petitioner's continued detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(6), the Administrative Procedure Act,

the Due Process Clause of the Fifth Amendment, and the Fourth Amendment's prohibition on unreasonable seizures.

## LEGAL CLAIMS

## COUNT I

### Violation of the INA:Detention under the Wrong Statutory Provision

1. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

2. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to the grounds of inadmissibility. As relevant here, it does not apply to individuals who entered the United States, were apprehended at or near the border, subsequently released into the interior on their own recognizance, and continuously resided in the country prior to being re-detained. Such noncitizens are detained under § 1226(a), unless they are subject to § 1226(c) or § 1231.

3. The application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates the INA. Petitioner was released into the interior of the United States, has continuously resided in Ohio for more than three years, is married to a United States citizen who is currently pregnant, serves as the sole financial provider for his household, has worked and paid taxes, and has developed

deep community ties. He therefore cannot be analogized to a person detained at the port of entry or stopped within 25 yards of the border. *See Bethancourt Soto v. Soto*, No. 1:25-cv-16200 (D.N.J. 2025) (collecting cases); *Salto-Salto v. Soto*, No. 1:26-cv-00612 (D.N.J. Jan. 23, 2026); *Rodriguez-Acurio v. Almodovar*, No. 2:25-cv-06065 (E.D.N.Y. 2025).

4. Petitioner's detention pending removal under § 1226(a) is discretionary, and noncitizens detained under this statute are entitled to an initial custody determination and the opportunity for a bond hearing. *See* 8 C.F.R. § 1236.1(d)(1). Here, Petitioner was afforded neither of these procedural safeguards, in violation of § 1226(a). Moreover, Petitioner is married to a United States citizen who is currently pregnant, further underscoring his substantial equities, strong family ties, and lack of flight risk—factors that should have been considered in any custody determination.

**COUNT II**

**Violation of Due Process: Revocation of Release without Notice orHearing**

5. The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property without due process of law," U.S. Const. amend. V., regardless of "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001);

see also *Reno v. Flores*, 507 U.S. 292, 306 (1993). Due process demands that unless a person is "given[ ] notice of the case against [her] and opportunity to meet it," she may not be detained. *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976). Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

6. The adequacy of the process provided in civil immigration confinement is determined through application of the Mathews v. Eldridge balancing test. *Valdez v. Joyce*, No. 25 CIV. 4627 (GBD), 2025 WL 1707737, at *3 (S.D.N.Y. June 18, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)). This test evaluates "(1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail." Id. (citing *Mathews*, 424 U.S. at 335); see also *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *9 (S.D.N.Y. Aug. 13, 2025).

7. As to *factor one*, in Petitioner's case, "the private interest affected by the official action is the most significant liberty interest there is—the interest in being free from imprisonment." *Black v. Decker*, 103 F.4th 133, 151 (2d Cir. 2024). While the Government undoubtedly has authority to detain Petitioner under

Section 1226, Petitioner is entitled to "adequate procedural protections" before being deprived of his liberty. *Zadvydas*, 533 U.S. at 690.Before the Government may exercise its discretion to detain a noncitizen pursuant to Section 1226(a), the statute and its implementing regulations "require ICE officials to make an individualized custody determination." *Lopez Benitez*, 2025 WL 2371588, at *10; see also *Tumba Huamani*, 2025 WL 3079014, at *7 ("But Due Process still requires that such discretion actually be exercised—i.e., that some determination actually be made."). In making that determination, the relevant DHS official must consider two factors, whether the non-citizen poses a "danger to property or persons" and whether he or she is "likely to appear for any future proceeding." *Lopez Benitez*, 2025 WL 2371588, at *10 (quoting 8 C.F.R. § 1236.1(c)(8)).

8. Petitioner's arrest stemmed from a blanket "policy" to detain "everyone who crossed the border," without regard to compliance history, criminal record, or individualized risk factors. Petitioner is neither a flight risk nor a danger to the community, and Respondents have not provided any evidence of changed circumstances. Instead, Respondents misrepresented the basis for his arrest, notwithstanding his explanations that the information relied upon was incorrect.

9. As to the *second Mathews factor*, "[t]he purpose of requiring an exercise of discretion prior to the decision to detain a noncitizen who is not subject to mandatory detention is to prevent an erroneous deprivation of liberty." *Lopez*

*Benitez*, 2025 WL 2371588, at 12. The risk of erroneous deprivation is high where, as here, Petitioner was arrested and placed into detention facility without consideration of any relevant factors.

10.As to the *third factor*, "to require that the Government justify continued detention promotes the Government's interest—one we believe to be paramount—in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Black*, 103 F.4th at 154; see also *Rosales-Mireles v. United States*, 585 U.S. 129, 139 (2018) (observing that "any amount of actual jail time . . .has exceptionally severe consequences for the incarcerated individual and for society which bears the direct and indirect costs of incarceration" (internal quotation marks and alterations omitted)). Detention that serves no bona fide removal or safety purpose violates substantive due process. *See Zadvydas*, 533 U.S. at 690–91; *Gordon v. Shanahan*, 2015 WL 1176706 (S.D.N.Y. Mar. 13, 2015). ICE's "bed-availability" rationale is administrative convenience, not a lawful justification for depriving liberty.

11. The continued detention of Petitioner, who has no criminal record, is employed, pays taxes, has complied with all conditions of release, is the sole financial provider for his pregnant U.S. citizen spouse, and has a pending asylum application with USCIS—not only infringes upon his protected liberty interest, but also does not serve the interests of the Government or the public.

12. Accordingly, the arrest of the Petitioner by ICE violated the Due Process Clause of the Fifth Amendment. Rather than exercising the individualized discretion required by law, ICE effectuated Petitioner's detention pursuant to a blanket policy—without notice, without an individualized assessment, and without affording Petitioner any opportunity to be heard. Because Petitioner possessed a protected liberty interest in his continued release from custody, the Government's failure to provide even the most basic procedural safeguards resulted in an unconstitutional deprivation of liberty. See *Mathews v. Eldridge*, 424 U.S. 319 (1976); see also *Bethancourt Soto v. Soto*(D.N.J. 2025); *Salto-Salto v. Soto*; *Rodriguez-Acurio v. Almodovar.*

**COUNT III**

**Violation of the Fourth Amendment**

13. Petitioner's arrest constituted an unreasonable seizure in violation of the Fourth Amendment because it was executedwithout a warrant, without probable cause, and pursuant to a blanket enforcement policy rather than individualized suspicion. Civil immigration enforcement remains subject to Fourth Amendment constraints. *Morales v. Chadbourne*, 793 F.3d 208 (1st Cir. 2015); *Manuel v. City of Joliet*, 580 U.S. 357 (2017).

## RELIEF

14. In *Salto-Salto v. Soto* the Court explained that "[w]hereas the basis for the Petitioner's continued "detention [was] blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediate release him and enjoin the Government from further similar transgressions," *see, e.g., Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 371–73 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained.").

15. The Court also declined to allow Respondents "[t]o transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search" (citing *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7& n.4 (E.D. Mich. Aug. 29, 2025) ("The Court cannot credit this new position thatwas adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under thisprovision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025)).

16. Therefore, the Respondent's arrest was unlawful from the outset, as it was effectuated without proper legal grounds and an individual assessment of risk, constituting a clear violation of the Respondent's constitutional rights. Such a fundamental violation cannot be remedied through any means other than the immediate release of the Respondent.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Assume jurisdiction over this matter;

b. Order that Petitioner shall not be removed from the United States without an order by this Court allowing such removal and transferred, except to a facility within the Northern District of Alabama absent further order of this Court;

c. Issue an Order to Show Cause directing Respondents to explain why the writ should not be granted within three days, as required by 28 U.S.C. § 2243;

d. Declare Petitioner’s detention unlawful;

e. Order Petitioner’s immediate release;

f. Order enjoining Respondents from re-detaining Petitioner absent a valid exercise of discretion under 8 U.S.C. § 1226(a);

g. Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

h. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

Date: February 8, 2026

/S/ Daniel Lopez Rubio
Daniel Lopez Rubio, Esq.
Alabama State Bar # 3842e16e
Solid Legal, P.C.
242 W Valley Ave, Ste 101
Birmingham, AL 35209
(205) 576-0000
daniel@solidlegal.org

*Attorney for Petitioner*

/S/ Sergey Risko, Esq.
Sergey Risko, Esq.
New York State Bar # 5473699
Risko Law Group, PLLC
227 West Street, Suite 2121
Brooklyn, NY 11222
(718)-757-7734
riskolawgroup@gmail.com

*Applicant for Pro Hac Vice Admission*

## VERIFICATION BY COUNSEL

I, Sergey Risko, declare under penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1. I am the attorney for plaintiff-petitioner in this matter and am personally familiar with the facts of this case;

2. I have read the allegations contained in the foregoing Complaint, and to the best of my knowledge, those allegations are true based upon my personal knowledge, information, and belief.

/S/ Sergey Risko, Esq.
Sergey Risko, Esq.
New York State Bar #5473699
Risko Law Group, PLLC
227 West Street, Suite 2121
Brooklyn, NY 11222
(718)-757-7734
riskolawgroup@gmail.com

*Applicant for Pro Hac Vice Admission*