FILED
2026 Feb-09 AM 11:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

LOCAL COUNSEL

Daniel Lopez Rubio, Esq.
Solid Legal, P.C.
242 W Valley Ave, Ste 101
Birmingham, AL 35209
(205) 576-0000
daniel@solidlegal.org

PRO HAC VICE COUNSEL

Sergey Risko, Esq.
Risko Law Group, PLLC
227 West Street, Suite 2121
Brooklyn, NY 11222
(718)-757-7734
riskolawgroup@gmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

GIORGI TOSHKHUA,

Petitioner,

v.

Civil Action No. 26-cm-5000

BARRY SMITH, the Warden of Etowah County Detention Center, MELLISSA HARPER, the ICE Field Office Director, KRISTI NOEM, the Secretary of the Department of Homeland Security, TODD M. LYONS, the Acting Director of U.S. Immigration and Customs Enforcement (ICE), PAMELA BONDI, the Attorney General of the United States

A#241-704-914

Defendants

**PETITIONER'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## I. INTRODUCTION

1. Petitioner incorporates by reference the allegations of fact set forth in the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

2. Petitioner Giorgi Toshkhua ("Petitioner") is a citizen of Georgia who entered the United States without inspection on September 3, 2022. He fled persecution on account of his political opinion and torture convention and has resided in the United States since that time.

3. Petitioner is a truck driver. On February 4, 2026, Petitioner entered a weight station while operating his commercial vehicle. Personnel at the Tennessee Department of Transportation contacted U.S. Immigration and Customs Enforcement (ICE), and Petitioner was subsequently arrested by ICE officers at the weight station. The arrest was conducted without a warrant, without prior notice, and without any individualized assessment of risk.

4. Petitioner is married to a United States citizen who is currently pregnant, and he is the sole financial provider for his household. Since his release into the interior of the United States, Petitioner has complied with all immigration requirements, timely filed an application for asylum, and has a pending asylum application with U.S. Citizenship and Immigration Services ("USCIS"). He has

worked lawfully, paid taxes, and complied with all conditions imposed by immigration authorities.

5. Petitioner respectfully moves this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure and the All Writs Act, 28 U.S.C. § 1651, for a Temporary Restraining Order ("TRO") and Preliminary Injunction, pending final adjudication of his Petition for Writ of Habeas Corpus, enjoining Respondents from transferring Petitioner in a manner that divests this Court of jurisdiction, substantially restricts his access to counsel, removes him from his spouse residing in the state where he is detained, and severs his community ties.

## II. LEGAL STANDARD

6. A party seeking a TRO must demonstrate: (1) irreparable harm; and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in the movant's favor. *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

## III. ARGUMENT

### A. Petitioner Will Suffer Irreparable Harm Absent a TRO

7. While the Supreme Court has recognized the "immediate custodian" rule in habeas proceedings, it has also made clear that jurisdiction attaches at the time of filing and cannot be defeated by subsequent custodial transfers. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). If Respondents are permitted to remove Petitioner from the United States, this case will become moot, and Petitioner will be deprived of the proper forum for constitutional redress.

8. This risk is not speculative. For many years, ICE has engaged in a widespread practice of transferring detainees to geographically remote detention facilities, often far from counsel and the courts where habeas petitions are pending. In recent months, this practice has intensified significantly. In *a number of egregious cases*, these transfers have resulted in *erroneous or coercive removals*, including removals carried out through misinformation, lack of notice, or procedural confusion, even where detainees have pending immigration or judicial proceedings. As a result, the likelihood that Petitioner will be transferred to a distant facility—or improperly removed despite a pending case—has substantially increased, for the purpose or effect of impeding access to counsel and meaningful judicial review. *Exhibit C.*

9. On February 6, 2026, Petitioner informed his wife during a telephone conversation that an ICE officer told him he would be transferred to Louisiana on the upcoming Monday. Accordingly, based on ICE's prior well-documented

practices and the statements of Respondents' agent, the threat of an imminent transfer is substantial.

10. Continued detention causes irreparable harm by substantially restricting Petitioner's access to counsel. Effective habeas review depends on timely, confidential, and meaningful attorney–client communication, which is severely impeded by detention and would be further compromised by transfer to a remote facility outside this District.

11. Where an arrest and resulting detention are plainly unlawful, the deprivation of liberty itself constitutes irreparable harm, warranting immediate judicial intervention.

12. The loss of habeas jurisdiction, interference with access to counsel, and frustration of meaningful judicial review constitute per se irreparable harm.

13. Thus, Petitioner faces a continuing risk of irreparable harm, including detention without statutory authority and interference with his ability to pursue relief. *See Ex parte Endo*, 323 U.S. 283, 304-05 (1944) (recognizing a habeas court's power to issue injunctions to maintain the status quo ante and protect the petitioner's ability to pursue judicial review). See *Hector Francisco Ponce Garcia v. Bondi*, No. 26-00200 (D.N.J. Jan. 12, 2026).

14. Here, enjoining Respondents from removing Petitioner from the United States and transferring him from his current detention facility will maintain the status quo.

**B. Petitioner is Likely to Succeed on the Merits**

15. As detailed in the Petition for a Writ of Habeas Corpus, Petitioner is likely to succeed on the merits because his detention is unlawful. Respondents have detained Petitioner under 8 U.S.C. § 1225(b)(2), a provision that does not apply to noncitizens who previously entered the United States, were released from custody, and resided in the country before being re-apprehended. Detention in this posture is governed by 8 U.S.C. § 1226(a), which requires an individualized custody determination. By applying an inapplicable detention statute, Respondents are acting without statutory authority, in violation of the Immigration and Nationality Act and the Administrative Procedure Act.

16. This detention also violates the Due Process Clause of the Fifth Amendment and the Fourth Amendment, as Petitioner has been denied any individualized finding of flight risk or dangerousness and subjected to continued detention without lawful justification. *See Bethancourt Soto v. Soto,* No. 1:25-cv-

16200 (D.N.J. 2025); *Salto-Salto v. Soto*, No. 1:26-cv-00612 (D.N.J. Jan. 23, 2026).

### C. The Balance of Equities and Public Interest Favor Petitioner

17. Maintaining jurisdiction in the Northern District of Alabama preserves the status quo and imposes no meaningful burden on the Government. By contrast, permitting jurisdiction-stripping transfers would invite abuse of administrative authority and erode judicial oversight.

18. The public interest is served by ensuring that habeas review remains effective and that constitutional claims are not evaded through post-filing custodial manipulation.

## IV RULE 65(b)(1)(B) CERTIFICATION

19.Pursuant to Fed. R. Civ. P. 65(b)(1) the Court may only issue a temporary restraining order without notice to the adverse party or its attorney if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

20. Counsel certifies that no prior notice was given because providing advance notice to Respondents would risk immediate transfer of Petitioner outside this Court's jurisdiction before the Court could act. ICE transfers are frequently executed without notice and on short timelines, and advance notice would likely precipitate the very harm the requested TRO seeks to prevent. Under these circumstances, notice is impracticable and would render the requested relief moot.

## IV. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Order that Petitioner shall not be removed from the United States without an order by this Court allowing such removal and transferred, except to a detention facility within the Nothern District of Alabama, absent further order of this Court;

b. Set a hearing on a Preliminary Injunction; and

c. Grant such other relief as the Court deems just and proper.

Respectfully submitted,
Date: February 8, 2026

/S/ Daniel Lopez Rubio
Daniel Lopez Rubio, Esq.
Alabama State Bar # 3842e16e
Solid Legal, P.C.
242 W Valley Ave, Ste 101
Birmingham, AL 35209
(205) 576-0000
daniel@solidlegal.org

*Attorney for Petitioner*

/S/ Sergey Risko, Esq.
Sergey Risko, Esq.
New York State Bar #5473699
Risko Law Group, PLLC
227 West Street, Suite 2121
Brooklyn, NY 11222
(718)-757-7734
riskolawgroup@gmail.com

*Applicant for Pro Hac Vice Admission*

## VERIFICATION BY COUNSEL

I, Sergey Risko, declare under penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1. I am the attorney for plaintiff-petitioner in this matter and am personally familiar with the facts of this case;

2. I have read the allegations contained in the foregoing Motion, and to the best of my knowledge, those allegations are true based upon my personal knowledge, information, and belief.

/S/ Sergey Risko, Esq.
Sergey Risko, Esq.
New York State Bar #5473699
Risko Law Group, PLLC
227 West Street, Suite 2121
Brooklyn, NY 11222
(718)-757-7734
riskolawgroup@gmail.com

*Applicant for Pro Hac Vice Admission*