FILED
2026 May-18  PM 02:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **GIORGI TOSHKHUA,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:26-cv-00194-MHH** |
| | } | |
| **BARRY SMITH, et al.,** | } | |
| | } | |
| **Respondents.** | } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Giorgi Toshkhua filed a habeas petition pursuant to 28 U.S.C. § 2241 after the United States Immigration and Customs Enforcement took him into custody in Tennessee and detained him in Alabama.  (Doc. 1).  On March 16, 2026, the Court ordered the respondents to provide Mr. Toshkhua with an individualized custody determination and instructed DHS to confirm compliance with the order within 48 hours of its entry.  (Doc. 20).  On March 18, 2026, the respondents notified the Court that Mr. Toshkhua participated in a bond hearing earlier that day via video conference with an immigration judge.  (Doc. 21, p. 1).

Mr. Toshkhua argues that his bond hearing was insufficient, and he asks the Court to order the respondents to immediately release him from detention, or alternatively, to order the respondents to provide him a new bond hearing.  (Doc. 24).  The respondents oppose Mr. Toshkhua's request.  (Doc. 28).

1

This opinion addresses the parties' motions.  First, the Court describes the procedural standards for Mr. Toshkhua's challenge to his bond hearing.  Next, the Court summarizes the facts and procedural posture of this matter.  The Court then describes the legal standards that govern Mr. Toshkhua's challenge to his bond hearing and applies those standards to the record in this case.

**I.**

Section 2241 enables district courts to grant writs of habeas corpus if a petitioner demonstrates that he is in custody in violation of the United States Constitution or laws.  § 2241(a), (c).  Habeas relief "is at its core a remedy for unlawful executive detention[;]" district courts have the authority to grant habeas relief in immigration-related cases.  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020) (brackets added) (quoting *Munaf v. Green*, 553 U.S. 674, 693 (2008)); *Zadvydas v. Davis*, 533 U.S. § 678, 687–88 (2001).

In reviewing the sufficiency of Mr. Toshkhua's bond hearing, the scope of the Court's authority is limited.  The Court may consider only "whether [the hearing] satisfied due process or otherwise suffered some defect that rendered [the hearing] noncompliant with this Court's Order."  *Trejo v. Bullock*, No. 3:26-CV-47, 2026 WL 598391, at *2 (E.D. Tenn. Mar. 3, 2026);  *see Perez v. Paulk*, No. 7:26-CV-00029-WLS-ALS, 2026 WL 961948, at *2 (M.D. Ga. Apr. 6, 2026) (finding that district courts lack jurisdiction to review immigration judges' decisions but may exercise

jurisdiction to "review due process challenges" or "to enforce compliance with their lawful orders through civil contempt.") (quotation omitted).

**II.**

Mr. Toshkhua is a citizen of the country of Georgia. He fled Georgia and entered the United States on foot without inspection on September 3, 2022, to seek asylum. (Doc. 1, p. 2, ¶ 1; Doc. 1, p. 6, ¶ 17; Doc. 14-1, p. 1).[1] That day, United States Border Patrol in Calexico, California detained Mr. Toshkhua, and on September 8, 2022, he was paroled into the United States. (Doc. 13-2, pp. 2–3; Doc. 14-1, p. 1). On February 4, 2026, Mr. Toshkhua was arrested and detained by ICE officers. (Doc. 1, p. 2, ¶ 2). Mr. Toshkhua is detained at the Etowah County Jail. (Doc. 1, p. 5, ¶ 11).

Mr. Toshkhua petitioned this Court for habeas relief based on alleged violations of the Immigration and Nationality Act, his Fifth Amendment Due Process rights, and his Fourth Amendment rights. (Doc. 1, pp. 7–12). Mr. Toshkhua asked the Court, among other things, to prohibit the respondents from removing him from the United States without a court order, to direct the respondents to show cause as to why the Court should not grant his petition, to declare his detention unlawful, to order his immediate release, and to enjoin the respondents from re-detaining him

---

[1] The circumstances of Mr. Toshkhua's entry, parole, and arrest are detailed in this Court's March 16, 2026 memorandum opinion. (Doc. 20, pp. 2–6). Accordingly, the Court provides only a brief description of these events in this order.

3

unlawfully.  (Doc. 1, p. 14).

In a March 16, 2026 memorandum opinion, this Court found that Mr. Toshkhua had been detained pursuant to 8 U.S.C. § 1226 and that, consequently, the respondents violated § 1226 and Mr. Toshkhua's right to due process by detaining him without a bond hearing.  (Doc. 20, p. 13).  Accordingly, the Court ordered the respondents to provide Mr. Toshkhua a bond hearing in the Northern District of Alabama within 48 hours.  (Doc. 20, p. 14).

On March 18, 2026, an immigration judge in Louisiana held Mr. Toshkhua's bond hearing.  (Doc. 21, p. 1).  Mr. Toshkhua participated in the hearing remotely from the Etowah County Jail.  (Doc. 21, p. 1).  A Georgian interpreter participated in the hearing, and Mr. Toshkhua was represented by an attorney who submitted evidence on his behalf.  (Doc. 21, p. 1).

During the hearing, the immigration judge provided the government and Mr. Toshkhua an opportunity to present arguments regarding bond.  (*See* Doc. 28-1).[2] The immigration judge stated that she lacked jurisdiction to provide Mr. Toshkhua bond because he was an arriving alien.  (Doc. 28-1, 9:50).  Still, "in light of [this Court's] directive," the immigration judge considered whether Mr. Toshkhua should

---

[2] The respondents have provided a recording of Mr. Toshkhua's bond hearing.  (Doc. 28-1).  On the recording, the immigration judge's comments are audible.  Mr. Toshkhua and the respondents' arguments are not audible.

receive bond under the *Guerra* factors.  (Doc. 28-1, 10:15).[3]  The immigration judge found that Mr. Toshkhua poses a danger to the community because he drove a commercial vehicle without a license.  (*See* Doc. 28-1, 18:30).  The immigration judge also found that, notwithstanding Mr. Toshkhua's marriage to a citizen of the United States, he poses a flight risk because he has been in the United States for fewer than four years, he has not filed for relief based on his marriage, and the relief pending before the immigration court was speculative.  (Doc. 28-1, 19:05).  Thus, the immigration judge denied Mr. Toshkhua's request for a bond.  (*See* Doc. 27-1, p. 2).

> The immigration judge memorialized her decision, writing:
>
> The court lacks jurisdiction due to the respondent being an arriving alien[,] see Matter of Oseiwusu 22 I&N Dec 1998, but alternatively, the court denies bond due to danger to the community and flight risk. Respondent only recently arrived in the United States and "has made no claim to lawful status in this country, either now or in the past." Matter of R-A-V-P-, 27 I&N Dec. 803, 805 (BIA 2020).

---

[3] In *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006) the BIA held that in a bond hearing under INA § 236(a), the respondent bears the burden to show that release is warranted, but an immigration judge must make an individualized determination based on recognized factors, including fixed address and length of residence in the United States; family ties; employment history; record of court appearances and compliance; criminal record and any history of violence; manner of entry and immigration violations; and other evidence bearing on danger and flight risk. The immigration judge may weigh factors differently but must act reasonably and cannot rely on arbitrary or clearly erroneous grounds.

(Doc. 27-1, p. 2).[4]  The immigration judge informed Mr. Toshkhua that he had the right to appeal the bond decision to the Board of Immigration Appeals.  (Doc. 28-1, 20:00).

### III.

Mr. Toshkhua argues that his March 18 bond hearing was insufficient because it occurred in an improper venue and because the immigration judge made "legal and factual errors."

The Court lacks jurisdiction to review the immigration judge's "legal and factual" findings.  Section 1226(e) "precludes an alien from 'challenging [in court] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release.'"  *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003)); *see* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").  As discussed, this Court's jurisdiction to review the immigration judge's bond decision is limited to determining "whether [the hearing] satisfied due process or otherwise

---

[4] It appears to be undisputed that Mr. Toshkhua has been in the U.S. for nearly four years, has applied for and received a work authorization social security card, and applied for asylum in late 2022.  (Doc. 1-1, p. 6; Doc. 13-2, p. 3)

6

suffered some defect that rendered it noncompliant with this Court's Order." *Trejo*, 2026 WL 598391, at *2.

Mr. Toshkhua has not demonstrated that his bond hearing violated this Court's March 16 order.  The Court ordered the respondents to provide Mr. Toshkhua a bond hearing in the Northern District of Alabama.  (Doc. 20, p. 14). The location for Mr. Toshkhua's bond hearing was meant to ensure that Mr. Toshkhua was not transferred outside this district while his habeas petition is pending.  The respondents complied with the order by arranging for Mr. Toshkhua to participate in his bond hearing virtually.  (Doc. 21).[5]

Mr. Toshkhua has not demonstrated that his bond hearing violated due process.  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  "Due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews*, 424 U.S. at 334 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).  "In a fundamentally fair bond hearing, due process has three essential

---

[5] There is no immigration court in the State of Alabama. (Doc. 28, p. 5); *see Find an Immigration Court and Access Internet-Based Hearings*, Exec. Off. For Immigr. Rev., https://www.justice.gov/eoir/find-immigration-court-and-access-internet-based-hearings [https://perma.cc/B6RX-ZDBN] (archived April 20, 2026).  Mr. Toshkhua argues that the respondents scheduled his bond hearing before a Louisiana Judge to ensure that the Fifth Circuit law applied.

elements." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem*, 2022 WL 574624 at *2 (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)). Here, the immigration judge considered the record before her, allowed Mr. Toshkhua's attorney to make arguments on his behalf, and made an individualized determination concerning Mr. Toshkhua's request for a bond. Accordingly, Mr. Toshkhua's bond hearing satisfies the minimal requirements of due process.

For these reasons, the Court denies Mr. Toshkhua's motion to enforce the judgment in this case.

***

The respondents have asked the Court to reconsider the portion of the Court's March 16, 2026 memorandum opinion in which the Court held that Mr. Toshkhua's initial notice to appear was void because the notice contained false information. (Doc. 20, p. 14, ¶ 2). Respondents argue, pursuant to 8 U.S.C. § 1252(g), that the "Court lacks jurisdiction to void or specify the contents of an NTA." (Doc. 22, pp. 1, 7–12). Additionally, the respondents state that DHS "has already issued a new notice to appear [] on February 20, 2026," and "the purported incorrect information

8

contained in the original NTA before the Court was resolved." (Doc. 22). On March 19, 2026, the Court held a telephone conference to discuss the motion. (Doc. 23). Consistent with the conversations during the March 19 telephone conference, pursuant to Rule 60 of the Federal Rules of Civil Procedure, the Court grants the respondents' motion. The Court strikes paragraph 2 on page 14 of its previous memorandum opinion, (Doc. 20).

## IV.

In summary, the Court denies Mr. Toshkhua's motion to enforce judgment, (Doc. 24), and grants the respondents' motion to reconsider, (Doc. 22). Mr. Toshkhua's motion to expedite, (Doc. 33), is moot. Because the respondents have satisfied the requirements of this Court's March 16, 2026 order, the Court dismisses this action.

The Clerk of Court shall please TERM Docs. 22, 24, and 33. The Clerk of Court shall please close the file.

**DONE** and **ORDERED** this May 18, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE